IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JAMES T. WASHINGTON

    Plaintiff,

v.                           CIVIL ACTION NO. 2:10-01379
                                (Criminal No. 2:07-00180)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Stanley submitted to the court her Proposed Findings and Recommendation on June 8, 2011, in which she recommended that the District Court deny Washington's Petition for Reduction of Punishment Due to Change In Condition of Law.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the requisite period. Having reviewed the Findings and Recommendation filed by

Magistrate Judge Stanley, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** Washington's Petition for Reduction of Punishment Due to Change In Condition of Law,[*] **DISMISSES** this action, and directs the Clerk to remove this case from the court's active docket.

　　　　The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

　　　　**IT IS SO ORDERED** this 2nd day of May, 2012.

ENTER:

David A.  Faber
Senior United States District Judge

---

[*] By Order entered this same day, the court has granted Washington's motion, filed on January 9, 2012 and brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline.