IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                            CRIMINAL ACTION NO. 2:07-CR-00180

JAMES T. WASHINGTON

MEMORANDUM OPINION AND ORDER

In Bluefield, on June 25, 2013, came the defendant, James T. Washington, in person and by counsel, Lex Coleman, Assistant Federal Public Defender; came the United States by Monica Coleman, Assistant United States Attorney; and came United States Probation Officer Troy Lanham, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the August 29, 2012 petition to revoke defendant's term of supervised release.[1]  The court advised the defendant, pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, that the defendant had the right to a hearing and assistance of counsel before the terms of his supervised release could be revoked.  The defendant admitted the conduct as alleged in the petition.  Based on the defendant's admission and other

---

[1] The court previously granted defendant's motion to hold the revocation matter in abeyance (Doc. No. 63) pending sentencing in the related Criminal Action No. 2:12-00187, a separate criminal action based on the same offense conduct as that alleged in the petition to revoke defendant's term of supervised release.

1

matters contained in the record, the court found the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds is eighteen to twenty-four months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and revocation of supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of twelve months in this case.  Neither party objected to the applicable guideline range and statutory penalty as determined by the court.

Subsequently, the court heard arguments from the defendant and the government.  After hearing arguments from both sides, the court, pursuant to the Sentencing Reform Act of 1984, **ORDERED** that the defendant's term of supervised release be revoked and that he be incarcerated for twenty-four months, the entirety of which is to run concurrently with the term of imprisonment defendant received at the sentencing hearing earlier the same day.  The court reasoned that running the term of imprisonment concurrently was appropriate in this case, in part, because the  offense behavior in both this matter and

2

Criminal Action No. 2:12-00187 was the same.  The court also re-imposed a term of supervised release of three years, which is to run concurrently with the term of supervised release defendant received at the sentencing hearing earlier the same day.  See 18 U.S.C. § 3624 (stating that a term of supervised release "runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.").

In revoking defendant's supervised release, the court considered all of the factors in the case and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553 and was sufficient, but not greater than necessary, to protect the public, provide adequate deterrence, and reflect the seriousness of the defendant's violations.

The court informed the defendant of his right to appeal the court's revocation of his supervised release.  The court further informed the defendant that, in order to initiate such an appeal, a Notice of Appeal must be filed with this court within fourteen days.  The court advised the defendant that if he wishes to appeal and cannot afford counsel, the court would appoint counsel for him.  The court further advised the defendant that if he so requests, the Clerk of Court would

prepare and file a Notice of Appeal on his behalf. The court then remanded the defendant into custody.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshals Service for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 1st day of July, 2013.

                      ENTER:

                      */s/ David A. Faber*
                      David A. Faber
                      Senior United States District Judge