```
           IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

UNITED STATES OF AMERICA

v.					CRIMINAL ACTION NO. 2:07-00180

JAMES T. WASHINGTON

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for appointment of counsel to assist in the filing of a motion for compassionate release.  (ECF No. 73.)  For the following reasons, the court **DENIES in part** defendant's motion to appoint counsel.  However, due to defendant's claims in his motion that he has significant medical conditions which place him at risk of severe complications from COVID-19, and in light of the COVID-19 outbreak at defendant's place of incarceration – Coleman Medium FCI, which has 64 inmates and 33 staff who are currently positive for COVID-19[1] – the court construes defendant's motion as a request for compassionate release.  The United States is hereby **ORDERED** to file a response to defendant's motion for compassionate release no later than September 4, 2020.[2]

---

[1] See *COVID-19 Cases*, Federal Bureau of Prisons (updated August 26, 2020), https://www.bop.gov/coronavirus/.

[2] The court is particularly interested in whether defendant has made a request to the Warden at Coleman Medium FCI for compassionate release, and if so, when the request was made.

There is no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic, mainly due to his preexisting health conditions that place him at greater risk for severe illness if he contracts COVID-19. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel – and as explained above, the court construes his motion as doing so. Defendant has not, however, established that the interests of justice require appointment of counsel at this time. Accordingly, the court hereby **DENIES in part** the motion, (ECF No. 73), to the extent defendant seeks appointment of counsel.

Defendant may elect to supplement his motion for compassionate release by filing documents to the court which demonstrate his claimed medical conditions and whether or not he

has made a request to the Warden at Coleman Medium FCI for compassionate release.

The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented parties.

It is SO ORDERED this 28th day of August, 2020.

    ENTER:

    *David A. Faber*
    David A. Faber
    Senior United States District Judge